UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-72-FDW

| | |
|---|---|
| RONALD WAYNE SPANN, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUSAN WHITE, Superintendent, )<br>Mountain View Correctional Institution, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion to Stay, (Doc. No. 2), his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

Pro se Petitioner Ronald Wayne Spann is a North Carolina inmate currently incarcerated at Mountain View Correctional Institution. On August 15, 2008, Petitioner was convicted by a jury in Caldwell County Superior Court of first-degree rape and indecent liberties. Petitioner filed a § 2254 habeas petition in this Court on May 19, 2014.[1] Petitioner now seeks a stay of this action "due to the fact that one issue is not resolved in the state courts of North Carolina, the issue being Petitioner's 'mental capacity' that was existing before, during, and still an issue after trial." (Doc. No. 2 at 2). Petitioner has attached to the motion to stay a letter from the Social Security Administration dated July 28, 2009, stating that Petitioner is receiving Social Security Disability payments for, among other things, "organic mental disorders." (Id. at 4).

The Court will deny the motion to stay but will, instead, dismiss this action without prejudice to Petitioner to refile once the alleged issue of his mental capacity has been resolved.[2]

---

[1] Petitioner placed the petition in the prison system for mailing on May 15, 2014.
[2] The North Carolina Court of Appeals affirmed Petitioner's conviction on January 5, 2010.

1

In sum, the petition will be dismissed without prejudice

For the reasons stated herein, Petitioner's Motion to Stay will be denied, and the Court will dismiss the § 2254 petition without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 Motion to Stay, (Doc. No. 2), is **DENIED**. The petition is **DISMISSED** without prejudice to Petitioner to refile the petition if he so chooses.

2. The Clerk is instructed to terminate this action so that it is no longer pending on the docket.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

---

State v. Spann, 201 N.C. App. 717 (2010). Petitioner states in the petition that he filed a motion for appropriate relief in Caldwell County Superior Court, which was subsequently denied on July 29, 2010. He does not indicate that he appealed the denial of the motion for appropriate relief to the North Carolina Court of Appeals. A Westlaw search indicates that on November 27, 2013, Petitioner filed a second motion for appropriate relief, this time in the North Carolina Supreme Court. On January 23, 2014, the North Carolina Supreme Court dismissed the petition. State v. Spann, 753 S.E.2d 793 (2014). Based on Petitioner's own representations in the petition, it appears that the petition will ultimately be subject to dismissal with prejudice as time-barred. Nevertheless, because Petitioner has expressed his desire not to pursue this action until his mental capacity issues are resolved, the Court will dismiss the petition without prejudice at this time.

2

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 17, 2014

Frank D. Whitney
Chief United States District Judge