# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:14-cv-00072-FDW

| | |
|---|---|
| RONALD WAYNE SPANN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SUSAN WHITE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's letter [Doc. 5], which the Court construes as a motion for miscellaneous relief.

Pro se Petitioner Ronald Wayne Spann ("Petitioner") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On August 15, 2008, Petitioner was convicted by a jury in the Superior Court of Caldwell County of first-degree rape and indecent liberties. The North Carolina Court of Appeal affirmed Petitioner's conviction on January 5, 2010. State v. Spann, 689 S.E.2d 600 (N.C. App. 2010).[1]

On May 19, 2014, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 based on various claims of ineffective assistance of trial counsel. [Doc. 1]. After Petitioner moved to stay those proceedings based on an alleged unresolved mental capacity issue, the Court dismissed the petition without prejudice to Petitioner refiling once the mental capacity issue was

---

[1] In his § 2254 petition, Petitioner stated that he filed an MAR in the Superior Court of Caldwell County, which was subsequently denied on July 29, 2010. [Doc. 1 at 3]. A Westlaw search reveals that Petitioner filed a second MAR on November 27, 2013, this time with the Supreme Court of North Carolina. On January 23, 2014, the Supreme Court dismissed the petition. State v. Spann, 753 S.E.2d 793 (N.C. 2014).

resolved.[2] [Doc. 3].

Petitioner now writes the undersigned requesting assistance in addressing allegedly newly discovered evidence and an outstanding MAR in state court. [Doc. 5]. Petitioner attaches to his letter a competency evaluation prepared in Petitioner's state criminal proceeding intended to "opine about his probable competency or incompetency at the time of his trial." [Doc. 6 at 2]. Petitioner claims that his attorney filed an MAR for Petitioner on June 17, 2016, that Petitioner was "given a court date on July 6, 2017," and that three days before his court date his attorney "was stripped of her law attorney status." [Id. at 1]. Petitioner further claims that the Honorable Robert C. Ervin appointed another lawyer for Petitioner and set the MAR for hearing on November 7, 2017. [Id.]. Petitioner claims that his appointed attorney has advised Petitioner and his family that Judge Ervin "says that he does not know what to do when it comes to [Petitioner's] case file." [Id. at 2]. Apparently, therefore, Petitioner claims that he has an MAR pending in Caldwell County.

The Court here is without sufficient information to further address Plaintiff's request for assistance. Moreover, this action has been dismissed without prejudice to Plaintiff filing a new action after resolution of the mental capacity issue. The Court will therefore deny Plaintiff's motion without prejudice to Plaintiff filing a new action pursuant to 28 U.S.C. § 2254. The Court, however, does not assess the merits, ripeness, or timeliness of such action.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 5] is **DENIED** without prejudice to Plaintiff filing a new proceeding pursuant to 28 U.S.C. § 2254 in accordance with this Court's June 17, 2014 Order at Doc. No. 3.

---

[2] The Court noted that, based on representations in the petition, the petition may ultimately be subject to dismissal as time barred. [Doc. 1 at fn. 2].

2

The Clerk is respectfully instructed to mail Petitioner a blank 28 U.S.C. § 2254 form and to mail Plaintiff a copy of Doc. No. 3 in this matter.

**IT IS SO ORDERED**.

Signed: May 12, 2021

Frank D. Whitney
United States District Judge